NICHOLAS M. WAJDA (State Bar #259178)
nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

NATAHAN C. VOLHEIM (Admitted Pro Hac Vice)
nvolheim@sulaimanlaw.com
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188

JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
MARGARET T. CARDASIS (SBN 322167)
mcardasis@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone:  (415) 283-1000
Facsimile:   (415) 352-2625

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHONDA T. COLLINS. | Case Number: C 3:18-cv-07642-JSC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

*Form updated May 2018*

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq*. Plaintiff contends that subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Plaintiff also contends that supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367, because it arises out of the common nucleus of operative facts of Plaintiff's federal question claims.

All parties have been served and are represented by counsel.

2. Facts

Plaintiff alleges that in the summer of 2018 she started receiving collection calls from Defendant to her cellular phone.  Around this time Plaintiff has a conversation with Defendant and conveyed that she did not want to receive further calls from Defendant. Despite her request Defendant continued to place collection calls to Plaintiff's cellular phone with permission.

Plaintiff believes that the major factual issues are: (a) What phone system(s) did Defendant use to place that calls at issue and (b) Did Plaintiff request that Defendant's calls cease.

Defendant denies that any violation of law has occurred.  Defendant believes that the major factual issues are whether Plaintiff consented to receive calls to her cellular telephone made using an automatic telephone dialing system, whether Defendant ever

*Form updated May 2018*

spoke with Plaintiff, whether Plaintiff revoked any prior express consent to receive calls to her cellular telephone using an automatic telephone dialing system or otherwise ever requested that Defendant cease calls to her cellular telephone, whether Defendant placed calls to Plaintiff's cellular telephone using equipment that qualifies as an automatic telephone dialing system, and whether Plaintiff sustained any harm as a result of Defendant's alleged conduct.

3. <u>Legal Issues</u>

Did the phone system(s)/technology that Defendant used to place the calls at issue constitute an Automated Telephone Dialing System under the TCPA?  Was Defendant's conduct unfair and harassing under the FDCPA and the RFDCPA?

Defendant contends that the legal issues are: (1) whether Plaintiff provided prior express consent to receive calls on her cellular telephone using an automatic telephone dialing system, as defined by the TCPA; (2) whether Plaintiff could, and in fact did, revoke any prior express consent to be called on her cellular telephone using an automatic telephone dialing system; (3) whether Defendant called Plaintiff's cellular telephone using an automatic telephone dialing system; and (4) whether Defendant's conduct violated the FDCPA and/or the Rosenthal Act.

4. <u>Motions</u>

There are no motions currently pending.  The parties each anticipate filing Motions for Summary Judgment.

5. <u>Amendment of Pleadings</u>

The parties propose a deadline of May 27, 2019 to amend the pleadings or add additional parties.

*Form updated May 2018*

6. <u>Evidence Preservation</u>

    Counsel for both parties certify that they have reviewed the Guidelines Relating to Discovery of Electronically Stored Information and discussed the same with their clients.

7. <u>Disclosures</u>

    The parties will make their initial disclosures as ordered on or before April 3, 2019.

    The parties do not propose any changes with regard to the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

8. <u>Discovery</u>

    The parties have not conducted any discovery to date.

    Defendant anticipates propounding written discovery in the form of requests for admissions, interrogatories, and requests for production of documents on Plaintiff, as well as deposing Plaintiff and any other persons or entities that are identified during discovery. Defendant does not believe this case requires any deviation from the standard discovery parameters set forth in the Federal Rules of Civil Procedure.

9. <u>Class Actions</u>

    N/A.

10. <u>Related Cases</u>

    None.

11. <u>Relief</u>

    Plaintiff is seeking statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) of up to $1,000, pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C) of $500 to $1,500 per call and up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b). Plaintiff is seeking actual damages in

*Form updated May 2018*

an amount to be determined pursuant to Cal. Civ. Code § 1788.30(a) and 15 U.S.C. §1692k(a)(1). Plaintiff is seeking payment of attorney fees and costs in an amount to be determined pursuant to Cal. Civ. Code § 1788.30(c) and 15 U.S.C. §1692k(a)(3).

Defendant denies that Plaintiff is entitled to any relief. Defendant reserves the right to seek its costs and attorney's fees as provided by law.

12. Settlement and ADR

Plaintiff has tendered a settlement demand to Defendant and is willing to engage in settlement discussion. The Parties proposed to complete mediation by August 22, 2019.

Defendant believes that this case is suitable for the Court's Mediation Program.

13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   X YES     ____ NO

14. Other References

N/A.

15. Narrowing of Issues

None at this time.

16. Expedited Trial Procedure

No.

17. Scheduling

The parties propose the following deadlines (a) July 17, 2019 for completion of initial ADR session; (b) July 29, 2019 for designation of experts; (c) December 31, 2019

*Form updated May 2018*

for discovery cut-off; (d) January 31, 2020 for filing of dispositive motions; (d) April 22, 2019 for pre-trial conference; and (e) May 4, 2020 for trial.

18. <u>Trial</u>

    Plaintiff has made a jury demand and the parties believe any trial could be completed in 2-3 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Plaintiff filed the Certification of Interested Entities or Persons on March 15, 2019. Defendant filed the Certificate of Interested Entities or Persons on March 12, 2019.

20. <u>Professional Conduct</u>

    Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

    None.

Dated: March 11, 2019

s/Nathan C. Volheim
_____
Counsel for plaintiff

Dated: March 15, 2019

/s/ Margaret T. Cardasis
_____
Counsel for Defendant

*Form updated May 2018*

### **ECF Signature Certification**

Pursuant to Local Rule 5-1(i), I, Nathan Volheim, hereby certify that the content of the document is acceptable to Margaret T. Cardasis, counsel for Defendant Portfolio Recovery Associates, LLC, and I have obtained their authorization to affix their electronic signature to this document.

Dated: March 18, 2019                    /s/ Nathan Volheim
                                         Counsel for Plaintiff

*Form updated May 2018*